# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|  |  |
|---|---|
| JAMES MAXWELL, | : |
| Plaintiff, | : CIVIL ACTION NO. |
|  | : 1:07-CV-1971-RWS |
| v. | : |
| BLUE CROSS BLUE SHIELD HEALTHCARE PLAN OF GEORGIA; and BLUE CROSS BLUE SHIELD OF GEORGIA, INC., | : |
| Defendants. |  |

## **ORDER**

This case comes before the Court on Plaintiff's Motion for Summary Judgment [32], Defendants' Motion for Summary Judgment [33], and Defendant's Motion to Strike [42]. After a review of the record, the Court enters the following Order.

## **Background**

Plaintiff James Maxwell initiated this cause of action seeking legal and equitable relief due to Defendants Blue Cross Blue Shield Healthcare Plan of

Georgia ("BCBSHP") and Blue Cross Blue Shield of Georgia, Inc.'s ("BCBSGA") (collectively "Defendants") alleged failure to provide healthcare plan documents pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Plaintiff, an employee of Southern Company, asserts that as a participant in a Blue Cross Blue Shield healthcare plan ("Plan"), he sought coverage for treatment of multiple myeloma cancer. (Complaint [1] at ¶ 9.) Once his appeal was denied, Plaintiff wrote to Defendants requesting "copies of all documents relevant to the determination in my case. These documents should include benefit provisions or guidelines, cited paragraphs of my 'coverage plan', records and all other related information" (Id. at ¶ 12.) Plaintiff contends in his Complaint that Defendants failed to provide Plaintiff with the requested documents despite additional requests by Plaintiff and counsel. (Id.)

Plaintiff alleges that the Defendants' failure to provide the documents prevented him from exhausting administrative remedies and seeking a second appeal of BCBSGA's denial of coverage for chemotherapy treatments. (Id. at ¶ 20.) Thus, Plaintiff initiated a legal cause of action in district court requesting injunctive relief compelling Defendants to comply with its duty to provide the

2

claims manual "upon request" under 29 C.F.R. 2560.503-1(h)(2 )(iii)[1] and (m)(8)(iii)[2] and the summary plan description and policy under 29 U.S.C. § 1024. (Id.)[3] In addition, Plaintiff seeks sanctions in the amount of $110.00 per day for Defendants' alleged delay in production of the documents pursuant to the 29 U.S.C. §1132(c)(1)(B) civil penalty provision:

> "[a]ny administrator... (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary... within 30 days after such request may in the court's discretion be

---

[1] 29 C.F.R. 2560.503-1(h)(2)(iii) states in relevant part:
(h)(2) Full and fair review. Except as provided in paragraphs (h)(3) and (h)(4) of this section, the claims procedures of a plan will not be deemed to provide a claimant with a reasonable opportunity for a full and fair review of a claim and adverse benefit determination unless the claims procedures--
...
(iii)Provide that a claimant shall be provided, upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits.

[2] 29 C.F.R. 2560.503-1(m)(8)(iii) provides:
(m)(8) A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information.
...
(iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination

[3] As required under one such relevant provision of 29 U.S.C. § 1024:
(4) The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

3

> personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper." [4]

At the time of filing, Plaintiff asserted that "437 days ha[d] passed from plaintiffs [sic] initial request for documents and BCBS has not provided any of the requested documents." (Complaint [1] at ¶ 20.) Plaintiff further seeks attorneys fees relating to the cost of bringing the action under 29 U.S.C. §1132(g) which provides the court discretion to award such fees for violation of the subchapter provisions.[5] (Id. at 9.) Importantly, Plaintiff's suit does not arise out of a deprivation of plan benefits, but rather the Defendants' alleged ERISA violation for failure to provide Plaintiff with requisite documents.

## Discussion

Both parties filed motions for summary judgment as to the issue of

---

[4] 29 U.S.C. §1132(c) is also referred to as Section 502(c) of ERISA in the briefing. The two terms reflect the same statutory provision at issue in this opinion. See generally Kollam v. Hewitt Associates, LLC, 487 F.3d 139, 143 (3d Cir. 2007). In 1997, the daily penalty was increased from $100 to $110. 29 C.F.R. § 2575.502c-1 (2007).

[5] 29 U.S.C. 1132 states in relevant part:
(g) Attorney's fees and costs; awards in actions involving delinquent contributions
   (1) In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

4

Defendants' liability and duty to provide the documents that Plaintiff requested [32] [33]. There is no dispute regarding Defendants' failure to produce the documents prior to engaging in discovery in the suit herein. (Dkt. No. [32] at 13.) The pivotal issue is whether Defendants Blue Cross Blue Shield qualify as administrators and are therefore subject to the imposition of penalties and attorney fees under ERISA's civil enforcement provisions. Both motions for summary judgment seek resolution as a matter of law as to the same issue regarding the identity of the plan administrator and Defendants' duty; therefore, the Court will address the motions concurrently. As an initial matter, the Court finds that Plaintiff's Rely Brief in Support of the Motion for Summary Judgment [41] does not present new arguments that were not previously addressed in Plaintiff's Motion for Summary Judgment [32]. Accordingly, Defendants' Motion to Strike Plaintiff's Reply Brief [42] is **DENIED**.

## I.     Summary Judgment Standard

Federal Rule of Civil Procedure 56 requires that summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to

5

AO 72A
(Rev.8/82)

judgment as a matter of law." FED. R. CIV. P. 56(c). "The moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259 (11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (internal quotations omitted)). Where the moving party makes such a showing, the burden shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

In resolving a motion for summary judgment, the court must view all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th Cir. 2002). But, the court is bound only to draw those inferences which are reasonable. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."

6

Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249-50 (internal citations omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show there is some metaphysical doubt as to the material facts").

With these standards as a foundation, the Court turns to address the merits of the parties' motions for summary judgment.

## II.     Parties' Motions for Summary Judgment

Plaintiff seeks relief under Part I of the ERISA statute which specifically imposes on the administrator a duty to produce documents to the participant upon request. See 29 U.S.C. §§ 1024(b)(1)(B), 1024(b)(4).  District courts are vested with discretion to award a daily statutory penalty if a plan administrator either refuses or fails to comply with a written request within thirty days. 29 U.S.C. § 1132(c)(1). The Eleventh Circuit has specified that  § 1132(c)(1) only permits an award of penalties against the *plan administrator*. Byars v. Coca

7

Cola Co., 517 F.3d 1256, 1270-71 (11th Cir. 2008) (emphasis added). Additional case law echoes the notion that "only plan administrators can be sued for violations of ERISA's notice and reporting requirements." Adair v. Johnston, 221 F.R.D. 573, 580 (M.D. Al. 2004) (citing Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 140 n. 7, 105 S.Ct. 3085, 3089 n. 7, 87 L.Ed.2d 96 (1985); Thorpe v. Retirement Plan of Pillsbury Co., 80 F.3d 439, 444 (10th Cir.1996) ("ERISA requires plan administrators to respond to informational requests by plan participants ... Such causes of action may be brought only against designated plan administrators, rather than against the plan itself or the employer ... The language of § 1132(c) ... is unambiguous and admits of no other interpretation").

> ERISA defines the term "administrator" as:
>
> (i) the person specifically so designated by the terms of the instrument under which the plan is operated;
>
> (ii) if an administrator is not so designated, the plan sponsor; or
>
> (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe.

29 U.S.C. § 1002(16)(A). Defendants demonstrated that the Southern Company

is identified as the employer and sponsor of the Plan in the Group Contract and Certificate. (See Group Contract, Exhibit B [33]; Certificate Booklet, Exhibit C [33].) In further support, Defendants allege that Southern Company performed the duties imposed on an ERISA plan administrator. (Dkt. No. [33] at 13-15.) In compliance with ERISA regulation, 29 U.S.C. § 1021(a), 1024(b)(1), 1024(b)(4), Southern Company distributed to Plan participants the Certificate Booklet, which is a summary plan description, as well as copies of the Plan documents upon written request. (Dkt. No. [33] at 14; Lang Affidavit ¶ 13, Exhibit A, Dkt. No. [33].) Additionally, Southern Company, enrolled employees in the Plan, determined contributions, and retained COBRA for its employees. (Id.; See Group Contract, Application Exhibit B, Dkt. No. [33].) Defendants contend that the performance of these administrative duties establishes that Southern Company sponsored and administered the Plan.

Plaintiff contends that if Defendants are not the plan administrators, they qualify as the *de facto* plan administrators because they exercised complete decisional control over the claims process. (Dkt. No. [32] at 13.) See Rosen v. TRW, Inc., 979 F.2d 191, 193-194 (11th Cir. 1992) ("if a company is administrating the plan, then it can be held liable for ERISA violations,

9

regardless of the provisions of the plan document."); Cheal v. Life Ins. Co. of N. America, 330 F. Supp. 2d 1347, 1357 (N.D. Ga. 2004); Law v. Ernst & Young, 956 F.2d 364, 373 (1st Cir.1992) (stating, if the company "acted as the plan administrator in respect to dissemination of information concerning plan benefits, it may be properly treated as such for purposes of the liability provided under [section 502(c) ]"). In a *de facto* administrator determination, courts may analyze the plan documents and the "factual circumstances surrounding the administration" of the ERISA plan. Oliver v. Coca-Cola, et. al., 497 F.3d 1181, 1193 (11th Cir. 2007); see also, Hamall-Desai v. Fortis Benefits Ins. Co., 370 F.Supp. 2d 1283, 1311 (N.D. Ga. 2004) ("Proof of who is the plan administrator may come from the plan documents or the factual circumstances surrounding the administration of the plan.") The pivotal issue is whether the party exercised "sufficient decisional control over the claim process" to qualify as a plan administrator. Hamilton v. Allen-Bradley Co., Inc., 244 F.3d 819, 824 (11th Cir. 2001).

Plaintiff relies on Cheal v. Life Ins. Co. of North America, in asserting that a claims fiduciary who makes claims decisions may be held liable under 29 U.S.C. § 1132 as a *de facto* administrator. 497 F.3d at 1357 (11th Cir. 2007). In

10

support, Plaintiff notes that Defendants review and determine all claims for benefits under the Plan and are responsible for the payment of such benefits. (Dkt. No [34] at 5; Lang Affidavit ¶¶ 10-11.) Throughout the claims process, Plaintiff and his physicians communicated exclusively with Blue Cross and were not directed to contact Southern Company. (Id.; Declaration of James Maxwell ¶¶ 6, 22,23.) Furthermore, Defendants allegedly obligated themselves to provide the documents by stating in the claim denial letter that Plaintiff could request, "all documents including benefit provisions or guidelines, records, and other information *we have* that is relevant to your claim for benefits." (Maxwell Declaration, Exhibit 5 Dkt. No. [32]) (emphasis added). Plaintiff contends that through these actions, Defendants exercised sufficient control over the Plan to qualify as the *de facto* plan administrator.

In response, Defendants contend that Blue Cross Blue Shield's status as a claims fiduciary does not make it a *de facto* plan administrator. (Dkt. No. [38] at 12.) Rather, Plaintiff must demonstrate that Defendants assumed the duties of a plan administrator in order to act as the *de facto* plan administrator. Hunt v. Hawthorne Associates, Inc., 119 F.3d 888. 914-915 (11th Cir. 1997) (stating, "the record is devoid of evidence showing that the [fiduciary] had assumed any

11

of [employer's] duties regarding the provision of information to participants. We therefore hold that [plaintiff] has failed to support his contention that the [fiduciary] functioned as *de facto* Plan administrator.")

Upon a review of the record, the Court finds that Plaintiff has failed to establish that Defendants Blue Cross Blue Shield Healthcare Plan of Georgia or Blue Cross Blue Shield of Georgia, Inc. assumed the duties of plan administrator such that they should be construed as a *de facto* plan administrator. Defendants' decisional control of the claims determinations does not fall outside its role as a fiduciary. The Court holds that Defendants are not plan administrators and are therefore not subject to the penalty provisions in 29 U.S.C. § 1132. Accordingly, Plaintiff's Motion for Summary Judgment [32] is DENIED and Defendants' Motion for Summary Judgment [33] is GRANTED.

## Conclusion

Plaintiff's Motion for Summary Judgment [32] is **DENIED**. Defendants' Motion for Summary Judgment [33] is **GRANTED**. Defendants' Motion to Strike Plaintiff's Reply Brief [42] is **DENIED**. The Court directs the Clerk to **ENTER** judgment on behalf of Defendants as to all of Plaintiff's claims.

12

**SO ORDERED** this  18th  day of March, 2009.


_____
**RICHARD W. STORY**
United States District Judge

13